## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KIRK OSTERMANN,**

     **Plaintiff,**

**vs.**                                **CASE NO.:**

**DOBBS EQUIPMENT, LLC**

     **Defendant.**

_____/

## COMPLAINT

Plaintiff, KIRK OSTERMANN, by and through his undersigned attorney, sues the Defendant, DOBBS EQUIPMENT, LLC, (hereinafter referred to as "DOBBS" or "Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1367 and 1441(b).

2.    Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3.    Plaintiff, KIRK OSTERMANN, is a resident of Pasco County, Florida at all times material and worked for Defendants in this Juridical District during the applicable statute of limitations.

4.    Defendant, DOBBS, is a Foreign Limited Liability Company, authorized and doing

business in this Judicial District.

5.      Defendant, DOBBS, is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## GENERAL ALLEGATIONS

6.      At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

7.      At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

8.      Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

9.      Plaintiff, KIRK OSTERMANN, began his employment with Defendant in or around May 2020 as a Yard Specialist.

10.      Plaintiff had previously worked for the same dealership from approximately 2002 to 2006 as an Equipment Manager under a prior ownership group.

11.      In or around July 2020, Plaintiff became ill with symptoms of Covid-19.

12.      On or about July 13, 2020, Plaintiff returned to work after completing the required quarantine period.

13.      In October 2020, Plaintiff had a recurrence of Covid-19 symptoms.  Plaintiff's doctor again recommended that Plaintiff be quarantined and Defendant directed Plaintiff to stay home.  Plaintiff returned to work after receiving a negative Covid test result.

14.      While Plaintiff was out, he noticed that his job had been posted on Indeed.

15.      Two days after Plaintiff returned to work, Dustin (Service Manager) informed

Plaintiff that it did not look good that he (Plaintiff) was missing so much work.

16.    On or about Monday, November 30, 2020, Dustin called Plaintiff to his office and terminated Plaintiff's employment with Defendant.

17.    Plaintiff asked Dustin if he was being terminated for missing too much time due to his Covid absences and Dustin replied "yes."

18.    Plaintiff told Dustin that these are unprecedented times dealing with Covid-19 and that the company directed him to stay home to quarantine.  Dustin responded "well, it is what it is and this is where we're at."  Dustin also said "well, I was nice enough to keep you on through the holiday."

19.    Plaintiff has knowledge that his replacement began the same day Plaintiff was terminated.

**COUNT I**
**FAMILIES FIRST CORONAVIRUS RESPONSE ACT**
**(FFCRA) - DISCRIMINATION**

20.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through nineteen (19).

21.    Defendant retaliated against and discriminated against Plaintiff for asserting his rights under the Families First Coronavirus Response Act (FFCRA).

22.    Defendant's actions constitute violations of the FFCRA.

23.    As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for prejudgment interest, liquidated damages, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

24.    Plaintiff demands a trial by jury on all issues so triable.

Dated this 7th day of January, 2021.

FLORIN, GRAY, BOUZAS, OWENS, LLC

/s/ *Wolfgang M. Florin*

**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
Secondary:  gina@fgbolaw.com
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
miguel@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Attorneys for Plaintiff*